1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Red Mountain Machinery Co., | ) | No. CV 11-598-PHX-JAT |
| Debtor | ) | **ORDER** |
| Comerica Bank, | ) | |
| Appellant, | ) | |
| vs. | ) | |
| United States Bankruptcy Court Decision, | ) | |
| Appellee. | ) | |

**Background**

In this appeal, Appellant seeks to have this Court amend and/or strike some unfavorable language found in the bankruptcy court's decision.[1] More specifically, Appellant moved to recuse the bankruptcy judge; the judge denied recusal, but nonetheless reassigned the case to avoid the distraction the recusal issue had become. In denying recusal, the judge said Appellant's motion was a "fall-back litigation strategy," judge shopping, and "classic scorched earth litigation." Doc. 16 at 18. On appeal, Appellant seeks primarily to

---

[1] Although the parties requested oral argument, the Court finds that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2); LRBankr 8018-1 (stating that when the local rules are silent, the district court should apply the Federal Rule of Appellate Procedure).

have this Court remove these statements from the opinion below. To this end, Appellant seeks to have this Court reverse the bankruptcy's judge's decision that recusal under § 455 was not mandated, because, Appellant argues, such a holding by this Court would prove Appellant's motion to be well taken. However, preliminarily this Court notes that even if recusal was mandated by § 455, all of the bankruptcy judge's statements may nonetheless have been accurate.

Regardless of the accuracy of the bankruptcy judge's statements, the real parties in interest,[2] move this Court to dismiss this appeal for lack of jurisdiction. Doc. 14. Specifically, they argue that the relief sought by Appellant was a new judge. Appellant received a new judge. Therefore the entire issue is moot or otherwise non-appealable. Appellant responds and argues that the statements "harm" them, therefore an appealable issue remains before this Court. Doc. 16 at 10.

**Issue on appeal**

Obviously the issue of whether Appellant is entitled to a new judge is moot. Thus, this Court is left to resolve two issues: 1) may a prevailing parties appeal to have the appellate court give them a different or preferable reason for prevailing (standing); and/or 2) does an appellate court have the ability to effectively line-item-veto sentences from the lower court's decision (mootness).

**Standing**

"A prevailing party usually may not appeal a decision in its favor." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir. 1999). There are some exceptions to the general rule. *Id.* "[A] prevailing party may appeal a collateral adverse ruling." *Id.* "If the adverse ruling can serve as the basis for collateral estoppel in subsequent litigation, the prevailing party has standing to appeal." *Id.*

In this case, citing cases from the Third, Fourth and Fifth Circuits, Appellant argues it can appeal because it was "adversely affected" in <u>this</u> litigation. Doc. 16 at 17. First, the

---

[2] Owen Cowing, Linda Cowing, and Red Mountain Machinery Company.

Ninth Circuit does not appear to recognize an exception that would allow a prevailing party to appeal if that party is impacted in <u>this</u> litigation. Moreover, the Fourth Circuit case relied on heavily by Appellant, like the Ninth Circuit case, dealt with the collateral consequences in a separate state court litigation. *Custer v. Sweeney*, 89 F.3d 1156, 1164 (4th Cir. 1996). Thus, legally Appellant does not fall within any exception to the general rule that a prevailing party does not have standing to appeal.

Appellant's argument that it is prejudiced in the adversary proceeding with Red Mountain is also factually unavailing because the bankruptcy judge's statements were both limited to the recusal motion and not binding on any future court in this or any other litigation. Thus, based on the foregoing, the Court finds Appellant, as the prevailing party who has suffered no collateral consequences, does not have standing to appeal.

**Mootness**

As the *Ruvalcaba* court notes, even if Appellant had standing to appeal, "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." 167 F.3d at 520-21. "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Id.* at 521.

Here, the relief sought on appeal — to eliminate certain statements from the bankruptcy judge's order — is not relief this Court can grant. *See Platt Elec. Supply, Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1059, n.3 (9th Cir. 2008) (noting that appellate courts "review judgments, not statements in opinions." (citation omitted)). Further, the relief sought below, to obtain another judge, has been granted. Thus, alternatively, the Court also finds that this case must be dismissed for lack of jurisdiction because the relief requested is moot.

**Conclusion**

**IT IS ORDERED** that the motion to dismiss for lack of jurisdiction (Doc. 14) is granted.

/ / /

/ / /

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Bankruptcy Procedure 8016(a), the Clerk of the Court shall enter judgment dismissing this appeal, with prejudice. The Court reads 28 U.S.C. § 158(d) as requiring only a judgment, and not a mandate, from this Court. However, if either party disagrees, that party may move for issuance of a mandate within 21 days.

DATED this 2nd day of February, 2012.

James A. Teilborg
United States District Judge